UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:10-CR-222-JVB-PRC |
| ) |               2:21-CV-221-JVB |
| FAIRLY W. EARLS, ) | |
|     Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on a Habeas Corpus Petition Pursuant to 28 U.S.C. § 2255 Sentencing Violations [DE 149] filed by Defendant Fairly W. Earls on July 12, 2021. The Government filed a response on November 18, 2021.

### PROCEDURAL BACKGROUND

Earls was charged in a three-count indictment with making a false statement in a passport application in violation of 18 U.S.C. § 1542, fraud with identification documents in violation of 18 U.S.C. § 1028A(a)(1), and transfer of false identification documents in violation of 18 U.S.C. § 1028(a)(2) and (b)(1)(A)(ii). On June 10, 2011, a jury found Earls guilty on all three counts. At the October 5, 2011 sentencing, the Court sentenced Earls to 36 months on counts 1 and 3, to be served concurrently, and 24 months on count 2, to be served consecutively to the sentence on counts 1 and 3, and followed by three years of supervised release. Judgment was entered October 17, 2011. Earls appealed, arguing that this Court erred at trial by admitting evidence that Earls faced up to sixty years in prison on pending state felony charges and by allowing Government agents to identify Earls via photographs and also challenging this Court's application of the cross-reference provision in Sentencing Guideline § 2L2.2(c)(1)(A) at sentencing. The Seventh Circuit Court of Appeals affirmed the judgment on December 27, 2012.

Earls was represented by appointed counsel Ashwin Cattamanchi, who appeared on January 17, 2011, and by appointed counsel Viniyanka Prasad, who appeared on May 25, 2011. Both attorneys remained as counsel through the close of the case. On November 30, 2011, the Seventh Circuit appointed Michael P. Foradas as appellate counsel for Earls's appeal of the criminal judgment.

**ANALYSIS**

Title 28 section 2255(a) provides that a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." Relief under § 2255 is only appropriate for "an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (quoting *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991)).

Earls argues that he should be granted relief under § 2255 due to ineffective assistance of counsel regarding Court decisions made at sentencing. The Government challenges Earls's ineffective assistance of counsel argument on timeliness grounds.

The relevant statute provides that petitions under § 2255 must be filed within one year from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Here, subsection (1) provides the relevant date. No evidence or argument of applying any other subsection has been presented to the Court.

  The judgment of conviction became final when the time expired for Earls to file a petition for certiorari to the Supreme Court contesting the Seventh Circuit's affirmation of the conviction. *See Clay v. United States*, 537 U.S. 522, 525 (2003). Pursuant to Supreme Court of the United States Rule 13.1, a petition for writ of certiorari must be filed within 90 days of the date of entry of judgment. The Seventh Circuit's final judgment was entered on December 27, 2012, and the deadline to file a petition for writ of certiorari expired 90 days later on March 27, 2013. Thus, a timely § 2255 would have needed to be filed by March 27, 2014.

  It is true that Earls has filed other notices of appeal in this case, namely on November 30, 2015, January 12, 2016, July 2, 2018, and May 28, 2019. However, the results of these appeals were (1) dismissal for lack of jurisdiction, (2) dismissal as unnecessary, (3) remand to state court to vacate an order and dismiss a § 2241 petition as filed in the wrong court, and (4) dismissal for lack of jurisdiction, respectively. None of these appeals resulted in an amendment to the judgment entered after sentencing or in any way disturbed that judgment's finality.

  Earls filed his § 2255 petition on July 12, 2021, more than seven years after his deadline to file a timely motion passed. Accordingly, the Court denies the request for relief under § 2255 as untimely raised.

## CERTIFICATE OF APPEALABILITY

  Section 102 of the Anti-Terrorism and Effective Death Penalty Act provides that a Certificate of Appealability may be issued only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" is "a demonstration that . . .

includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473 (2000). Earls has not made such a substantial showing, so the Court declines to enter a certificate of appealability.

## CONCLUSION

Based on the above, the Court hereby **DENIES** the Habeas Corpus Petition Pursuant to 28 U.S.C. § 2255 Sentencing Violations [DE 149] and **DECLINES** to enter a certificate of appealability.

SO ORDERED on February 23, 2024.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN, JUDGE
UNITED STATES DISTRICT COURT
